THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Cheri Black, | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No.:  RDB 09-1182 |
| Cecil College, | * | |
|     Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Cheri Black ("Black"), proceeding *pro se*, filed the instant Complaint in the Circuit Court of Maryland for Cecil County against Cecil College ("the College").[1] Black asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging employment discrimination on the basis of race and retaliation. On May 11, 2009 the case was removed to this Court, and on May 18, 2009, Defendant filed the instant Motion to Dismiss (Paper No. 5). The parties' submissions have been reviewed and no hearing is necessary to decide this matter. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

Cecil College is a public community college with campuses located in North East, Elkton, and Bainbridge, in Cecil County, Maryland. (Compl. 28.) Plaintiff Cheri Black was hired by the College as a part-time Registration Technician in the Division of Enrollment and Student Services in June 2003. In this position, Black was responsible for, among other things,

---

[1] In her Complaint, Plaintiff named Defendant "Cecil Community College." However, this Court recognizes that Defendant is correctly identified as "Cecil College."

greeting visitors, providing course information, and answering questions concerning student admissions and registration.  (*Id.*)

On May 26, 2006, Black was working at the Elkton Station campus when she allegedly engaged in disruptive behavior with a friend who was visiting her during working hours.  (*Id.*)  After the College received a report concerning the incident, Black was relocated to the North East campus and assigned a mentor (an African American female and College employee) who could provide guidance and support.  (*Id.* at 29.)

On September 27, 2006, Black allegedly became involved in an incident with her co-worker, Jareem Dowling, who was reporting to work as Black's shift was ending.  (*Id.*)  In response to Dowling's teasing, Black allegedly knocked materials and a mug onto Dowling's workspace, and the mug shattered.  (*Id.*)  Black then used foul language and gave Dowling "the finger" as she was leaving the building.  The College investigated the incident and Black was invited to discuss the situation in a meeting with two school officials.  (*Id.*)  During this meeting Black allegedly acted in a confrontational manner.

Black claims that the incident with Dowling was an accident and that she did not intend to knock the mug on his desk.  (*Id.* at 5.)  She maintains that the College's investigation into the incident was flawed and that her request to have a formal meeting was denied.  (*Id.*)  She denies that she used foul language in her encounter with Dowling, and while she admits that she gave Dowling "the finger," she claims that she did so outside of the work area.  (*Id.* at 9.)

Black's employment was terminated on October 12, 2006.  (Def.'s Ex. A.)  On December 15, 2006, Black contacted the Equal Employment Opportunity Commission (EEOC).  (Compl. 20.)  The EEOC sent her a letter three days later that advised her on the steps she needed to take in order to begin the charge-filing process.  (*Id.*)  On August 20, 2007, Plaintiff filed a charge of

discrimination with the EEOC in which she alleged that Defendant terminated her employment because of her race and in retaliation for her previous complaint of discrimination in violation of Title VII.  (*Id.* at 25-26.)  On December 12, 2008, the EEOC dismissed Plaintiff's charge of discrimination and issued a Dismissal and Notice of Right to Sue.  (*Id.* at 4.)

On March 11, 2009, Plaintiff filed a Complaint in the Circuit Court for Cecil County, Maryland, alleging discrimination and retaliation in violation of Title VII.  On or about April 10, 2009, Plaintiff hand-delivered this Complaint to an executive assistant for Dr. W. Stephen Pannill, Cecil College's President.  On May 11, 2009, the case was removed to this Court.  Currently pending before this Court is the College's Motion to Dismiss (Paper No. 5).

## **STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Therefore, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss.  *Id.* at 555.  Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference.  *See id.*  The United States Supreme Court has recently explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (May 18, 2009).

## ANALYSIS

The Defendant has moved to dismiss this case on the basis that Plaintiff failed to exhaust her administrative remedies in a timely manner.[2]

To file a Title VII claim in federal court, "a plaintiff must first exhaust [her] administrative remedies by filing a charge of discrimination with the EEOC." *Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000). In Maryland, a deferral state,[3] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e)(1). Accordingly, "[i]f a charging party fails to comply with this statutorily mandated filing period, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not subsequently be challenged in a Title VII suit." *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 592 (D. Md. 2000). *See also Beall v. Abbott Laboratories*, 130 F.3d 614, 620 (4th Cir. 1997) ("[i]ncidents outside the statutory window are time-barred"). Courts have strictly enforced the timeliness requirements that govern actions alleging employment discrimination. *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp.2d 587, 597 (D. Md. 2000). *See also Christian v. City of Annapolis*, No. 06-1119, 2006 WL 2294539, at *1 (D. Md. Aug. 9, 2006) (dismissing discrimination claim as untimely because it was not filed with the EEOC until 301 days after the alleged

---

[2] Cecil College also argued that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for the alternative reason of improper service. Because Black's action is barred as untimely, this Court need not reach this additional argument for dismissal.

[3] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

discriminatory act); *Langford v. Yale Univ. School of Medicine*, 39 Fed. Appx. 683, 685 (2d Cir. 2002) (affirming dismissal of discrimination claim that was filed with the EEOC two days after the 300-day deadline).

Since Plaintiff was terminated from her employment on October 12, 2006, she needed to file her charge of discrimination with the EEOC no later than July 30, 2007. Black did not file her charge of discrimination until August 20, 2007—twenty-one days after the filing deadline. Accordingly, Defendant's Motion to Dismiss (Paper No. 5) is GRANTED and Black's Complaint is dismissed with prejudice. A separate Order follows.

Date : July 28, 2009                              /s/_____
                                                  Richard D. Bennett
                                                  United States District Judge